Nowy Swiat Publishing Co., Inc., Appellant, *v.* Sophie Misiewicz and Louis Ehrenberg, as Receiver of Anthony Misiewicz, Respondents.

**Stocks and stockholders — equity — corporation may maintain action in equity to compel surrender of stock certificate illegally held.**

1. A corporation which issues new certificates of its stock to the rightful owner in place of certificates held by defendants but in which they have no ownership but mere indicia of title, the certificates having been taken by them to hold for the true owner on whose demand they have refused to surrender them, may maintain an action in equity to compel defendants to surrender the certificates held by them for cancellation. The possession of such certificates enables them to pass title to a *bona fide* holder and thus wrong the corporation.

2. At the request of a foreign corporation M. purchased stock of plaintiff, a domestic corporation, and took the same in separate blocks in the name of himself and five others to hold for the foreign corporation which furnished the money to pay for it, one certificate being issued to him and one to his wife. Thereafter the purchaser requested M. to retransfer the stock held in his name and that of his wife and surrender the certificates. He and his wife failed to do so but the others to whom certificates had been issued surrendered theirs and plaintiff issued to other persons designated by the foreign corporation shares of stock in place of all the first set of certificates, including those held by M. and his wife, who still failed and refused to surrender their certificates. The new stock has since been transferred to a purchaser with knowledge of the facts. In an action by plaintiff, the issuing corporation, to compel surrender of the M. certificates

for cancellation, a dismissal of the complaint on the ground that defendants were under no duty to plaintiff, was error. The defendants are not *bona fide* holders of the certificates, nor has the corporation for which they were purchased any further interest therein. The defendants are committing a wrong against the plaintiff in refusing to surrender their certificates and it is against conscience and equity that they should be kept outstanding. They should be canceled to protect the plaintiff and its genuine stockholders.

*Nowy Swiat Publishing Co.* v. *Misiewicz,* 218 App. Div. 818, reversed.

(Argued June 22, 1927; decided July 20, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 8, 1926, unanimously affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

*David T. Smith* and *Nicholas A. Heymsfeld* for appellant. This case is peculiarly one for equitable relief. (*Jefferson Life Ins. Co.* v. *Keeton,* 292 Fed. Rep. 53; *McHenry* v. *Hazard,* 45 N. Y. 580; *Fifth Ave. Bank of New York* v. *42d St. & Grand St. Ferry R. R. Co.,* 137 N. Y. 231; *Holbrook* v. *N. J. Zinc Co.,* 57 N. Y. 616; *Lyman* v. *Bank,* 81 App. Div. 367; *N. Y. & Eastern Co.* v. *Gt. Eastern Tel. Co.,* 74 N. J. Eq. 221; *Bank* v. *R. R. Co.,* 137 N. Y. 231; *Archer* v. *Dunham,* 89 Hun, 387; *London* v. *Sage,* 48 N. Y. 173; *Becker* v. *Church,* 115 N. Y. 562; *St. Stephens* v. *Church,* 201 N. Y. 1.) The rights of respondent Sophie Misiewicz are no greater than those of Anthony Misiewicz. (Pom. Eq. Juris. [3d ed.] §§ 740, 742, 743, 763–778; *Murray* v. *Finster,* 2 Johns. Ch. 155; *Jerett* v. *Palmer,* 7 Johns. 65; *Harris* v. *Fly,* 7 Paige, 421; *Manhattan Co.* v. *Everston,* 6 Paige, 457; *Wyckoff* v. *Sniffen,* 2 Edw. Ch. 580; *Gallatian* v. *Cunningham,* 8 Cow. 361; *Woodruff* v. *Cook,* 2 Edw. Ch. 258.)

*Louis Ehrenberg* and *Samuel Okin* for respondents. The plaintiff is not entitled to any equitable relief against these defendants or either of them. ( *N. Y. & Eastern Co.* v. *Gt. Eastern Tel. Co.,* 74 N. J. Eq. 221; *McHenry* v. *Hazard,* 45 N. Y. 580; *Fifth Ave. Bank of N. Y.* v. *42d St. & Grand St. Ferry R. R. Co.,* 137 N. Y. 231; *Holl-brook* v. *N. J. Zinc Co.,* 57 N. Y. 616; *Jarvis* v. *Manhattan Beach Co.,* 148 N. Y. 652; *Smith* v. *American Coal Co.,* 7 Lans. 317; *N. Y., N. H. & H. R. R. Co.* v. *Schuyler,* 17 N. Y. 592.)

POUND, J. Action to compel defendants to surrender stock certificates for cancellation.

In June, 1920, Polish Mechanics Co., a foreign corporation, sought to purchase five hundred shares of the treasury capital stock of plaintiff, a domestic corporation, of the par value of $10 a share. It requested Anthony Misiewicz to purchase the stock and take the same in blocks of one hundred shares in the names of himself and four other persons to hold it for and on behalf of the purchasing corporation and gave him $5,000 which he agreed to use for that purpose. He made the purchase. The number of distributees was increased to six. One certificate, No. 111, was issued to him for ninety shares, and one, No. 112, to his wife, the defendant Sophie Misiewicz for seventy-one shares, without consideration and merely to hold for the corporation. Defendant Louis Ehrenberg as receiver of Anthony Misiewicz now holds the certificate for ninety shares. The wife still holds the certificate issued to her. In the following November the Polish Mechanics Co., desiring to make a new arrangement as to the form of its stock holdings, requested Misiewicz to retransfer the stock so held in his name and that of his wife and to surrender the certificates. He promised but failed to do so. The other persons to whom certificates had been issued surrendered their certificates and plaintiff issued to certain other persons designated by Polish

Mechanics Co., five hundred shares of its capital stock in place of all the first set of certificates including the certificates in suit. Misiewicz still failed and refused to surrender the certificates. As a result there are now outstanding both the Misiewicz certificates and the certificates issued in their place. Polish Mechanics Co. has meantime transferred its stock to a purchaser with knowledge of the facts.

The complaint has been dismissed on the ground that defendants were under no duty to plaintiff. The principle has been relied on that a corporation may not, where it has issued and recognized two certificates for the same holding, be heard to assert the validity of one and the invalidity of the other and that the rights of two holders may not be properly settled in the suit, particularly as they are not here parties. (*N. Y. & Eastern T. & T. Co.* v. *Gt. Eastern Tel. Co.*, 74 N. J. Eq. 221; 75 id. 297.) I think that this principle has no application to this case. The plaintiff corporation should, for its own protection, have refused to issue the new stock without the surrender of the old certificates (*Mc Neil* v. *Tenth Nat. Bank*, 46 N. Y. 325, 331), but its failure to do so does not prevent equity from taking hold of the case. Polish Mechanics Co. clothed the Misiewiczs with the indicia of title of stock which it owned. As a result defendants now have it in their power to commit a wrong against the plaintiff by transferring the certificates to *bona fide* purchasers for value. If plaintiff should refuse to recognize such transferees as stockholders, it would be liable in damages to them. Cancellation on the books is not enough to protect it. When certificates of stock contain apparently all the essentials of genuineness a *bona fide* holder thereof has a claim to recognition as a stockholder, if such stock can legally be issued, or to indemnity if this cannot be done. (*Holbrook* v. *N. J. Zinc Co.*, 57 N. Y. 616; *Bean* v. *Am. Loan & T. Co.*, 122 N. Y. 622; *F. A. Bank* v. *F. S. S. & G. S. F. R. R. Co.*, 137 N. Y. 231, 242.) To remove this

menace, action is brought. The defendants are not *bona fide* holders of the certificates nor has Polish Mechanics Co. any further interest therein. It had its stock and has parted therewith. While the transferee doubtless has a cause of action to compel the surrender of the outstanding certificates, the plaintiff has a right to prevent the defendants from clinging to something to which they have no title.

The contention is made that the proper remedy for plaintiff is to bring an action to compel the holders of the new certificates to surrender them and to cancel them until the first outstanding certificates are surrendered. But the Misiewiczs are committing a wrong against the plaintiff in refusing to surrender their certificates. As Chancellor Kent said in *Hamilton* v. *Cummings* (1 Johns. Ch. 517, 522): "It is every day's practice * * * to order instruments to be delivered up, of which a bad use might be attempted to be made at law." In the hands of defendants the certificates, valid on their face, are from their nature liable to abuse. The stock has become fictitious. They have no true ownership therein but only the indicia of ownership. While their certificates were not fraudulently issued, they now hold them without right. It is against conscience and equity that the certificates should be kept outstanding and they ought to be canceled to protect the corporation and its genuine stockholders. (*N. Y. & N. H. R. R. Co.* v. *Schuyler*, 17 N. Y. 592.) Mrs. Misiewicz pleads no equities and stands in the same position as her husband.

The judgment of the Appellate Division and that of the Special Term should be reversed and judgment ordered in favor of plaintiff for relief demanded in the complaint, with costs in all courts.

Cardozo, Ch. J., Crane, Lehman, Kellogg and O'Brien, JJ., concur; Andrews, J., absent.

Judgment accordingly.